JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

    Attorneys for Defendant MBO Partners, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **ANDREA OLSON,**<br><br>    Plaintiff,<br><br>v.<br><br>**MBO PARTNERS, INC.**, a Virginia Corporation,<br><br>    Defendants. | Case No. 3:15-cv-02216-HZ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OLSON'S COMPLAINT, OR IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION** |

## I.    INTRODUCTION

In response to Defendant MBO Partners, Inc.'s ("MBO Partners") Motion to Compel Arbitration or in the Alternative to Stay and Compel Arbitration ("Motion to Dismiss"), Plaintiff, Andrea Olson ("Olson"), filed two motions (Dkt. Nos. 27, 28) where she raises several arguments in an effort to avoid compliance with the Arbitration Provision that she knowingly agreed to when she signed a General Service Agreement with MBO Partners on January 10, 2012 (the "Agreement"). MBO Partners responds to both of Olson's motions in its reply. As an

Page 1 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

initial matter, any argument that the Arbitration Provision is unenforceable under ORS 36.620 fails because it is well-established that courts may not invalidate agreements to arbitrate under state statutes that are applicable only to arbitration provisions. Moreover, the Arbitration Provision Olson signed should be enforced because it is neither procedurally nor substantively unconscionable, nor was it obtained by fraudulent inducement. Accordingly, this Court should require Olson to arbitrate her claims as set forth by the terms of the Arbitration Provision.

## II.     ARGUMENT

### A.     ORS 36.620(5) is preempted by the FAA.

Olson argues that the Arbitration Provision is unenforceable because it does not comply with the provisions set forth in ORS 36.620(5). Pl. First Resp. at 2. This statute, however, provides no basis for refusing to compel arbitration in this case because it is preempted by the Federal Arbitration Act ("FAA"). Section 2 of the FAA explicitly provides that all arbitration agreements shall be valid, irrevocable, and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C § 2. Thus, the FAA makes clear that Oregon law may not render an arbitration agreement unenforceable on bases other than those general legal or equitable grounds that exist for revoking a contract. *See, e.g., Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (courts may not invalidate arbitration agreements based on state laws applicable only to agreements to arbitrate); *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (same). In *AT&T Mobility LLC*, the Court noted that courts must "place arbitration agreements on an equal footing with other contracts…and enforce them according to their terms." *Id*. (citations omitted).

Further, Oregon district courts have consistently applied U.S. Supreme Court precedent in correctly holding that ORS 36.620(5) is preempted by the FAA. *See, e.g., Hermida v. JP Morgan Chase Bank, N.A.*, No. 3:15-CV-00810-HZ, 2015 WL 6739129, at *3 (D. Or. Nov. 3, 2015) (holding that FAA preempts Oregon arbitration law that "imposes additional

Page 2 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

enforceability conditions not applicable to other contracts."); *Bettencourt v. Brookdale Senior Living Communities, Inc.*, No. 09-CV-1200-BR, 2010 WL 274331, at *7 (D. Or. Jan. 14, 2010) (D. Or. Jan 14, 2010) (notice provisions of ORS 36.620 are preempted by the FAA). In *Bettencourt*, for instance, the Court found that because ORS 36.620(5) "only renders unenforceable arbitration agreements that would otherwise be enforceable under the FAA," it is therefore "contrary to the 'goals and policies' of the FAA because it singles out arbitration contracts 'in a class apart from any contract.'" *Bettencourt*, 2010 WL 274331 at *7. Thus, "the FAA preempts [ORS 36.620(5)], and, as a result, § 36.620(5) is not a valid basis for concluding [an] Agreement is unenforceable." *Id*.

As the above case law makes clear, the "FAA preempts the ability of states to create additional conditions of enforceability beyond the FAA's requirements for arbitration agreements." *Id*. ORS 36.620(5) clearly sets apart arbitration agreements "entered into between an employer and employee" and provides a basis for voiding such agreements that is unavailable for any other contract. Because the FAA requires that arbitration agreements be placed on "equal footing as other contracts," ORS 36.620(5) is undoubtedly preempted by the FAA. Therefore, this Court should reject any argument advanced by Olson that the Arbitration Provision is unenforceable due to MBO's failure to fully comply with the requirements of ORS 36.620(5).[1]

**B.     The Arbitration Provision is neither procedurally nor substantively unconscionable, and is therefore valid and enforceable.**

Olson appears to contend that the Arbitration Provision is unenforceable because it is unconscionable. Olson relies exclusively on non-binding California law to advance her argument, however Oregon district courts must apply Oregon law to determine the enforceability of the Arbitration Provision. *See Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir.

---

[1] In Olson's Second Response to MBO Partner's Motion to Dismiss (Dkt. No. 28), she also relies on ORS 36.400, ORS 36.405, and UTCR 13.60, however, Oregon statutes and court rules regarding arbitration are inapplicable in this action. Olson filed her complaint in federal court (Dkt. No. 1), so any references to state arbitration programs or requirements are misplaced.

Page 3 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2002) (federal courts should apply "ordinary" state contract principles to determine validity of arbitration agreements). Under Oregon law, "the test for unconscionability has two components—procedural and substantive." *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or. App. 610, 614 (2007) (citation omitted). The party "asserting unconscionability bears the burden of demonstrating that the arbitration clause in question is, in fact, unconscionable." *Id.*

### 1. Olson has failed to show that the formation of the Arbitration Provision was procedurally unconscionable.

Olson argues that the Arbitration Provision is procedurally unconscionable because it is a contract of adhesion presented on a "take it or leave it" condition of her employment with no opportunity to negotiate its terms.[2] Pl. First Resp. 3. Oregon courts have consistently agreed, however, that unequal bargaining power "is not enough to invalidate an arbitration clause on the basis of unconscionability."  *Motsinger*, 211 Or. App. at 617; *Chalk v. T-Mobile USA*, Inc., 560 F.3d 1087, 1094 (9th Cir. 2009) (applying Oregon law, held that the "take it or leave it" nature of an arbitration agreement, standing alone, is insufficient to render it procedurally unconscionable); *Sprague v. Quality Restaurants Northwest, Inc.*, 213 Or. App. 521, 526 (2007) (the fact that an arbitration agreement between an employer and employee is adhesive does not alone render it unenforceable); *Bettencourt v. Brookdale Senior Living Communities, Inc.*, 2010 WL 274331, *10 (D. Or. Jan 14, 2010) (applying Oregon law, held that unequal bargaining power is insufficient alone to invalidate an arbitration clause).

Olson's very same arguments were rejected by the Oregon Court of Appeals in *Motsinger v. Lithia Rose-FT, Inc.*  In *Motsinger*, the plaintiff was "given a standardized printed form as part of the hiring process, and plaintiff had to accept the arbitration clause on a 'take-it-or-leave-it'

---

[2] Olson argues these facts constitute duress. Pl. First Resp. 3. Under Oregon law, the elements for a prima facie case of economic duress are: "(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats, and (3) the absence of any reasonable alternative to the terms presented by the wrongdoer." *Oregon Bank v. Nautilus Crane & Equip. Corp.*, 68 Or. App. 131, 142–43 (1984). Because Olson has not presented any evidence that she was subject to threats, only unequal bargaining power, MBO Partners responds to her argument as a procedural unconscionability claim.

Page 4 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

basis if she wanted the job." *Motsinger*, 211 Or. App. at 615. The arbitration clause was within "a packet of approximately 70 new hire forms, 50 of which [plaintiff] had to read and sign." *Id*. at 614. Plaintiff argued that "because the arbitration clause was imposed on her as a condition of employment and she had no meaningful opportunity to negotiate its terms," the arbitration clause was procedurally unconscionable. *Id*. Because plaintiff only established a showing of unequal bargaining power, however, the court concluded that, without more, the arbitration agreement was not procedurally unconscionable. *See id*. at 615.

As in *Motsinger*, Olson has not presented any evidence that the Arbitration Provision was procedurally unconscionable. Olson was given ample opportunity to read the six-page Agreement and review it prior to signing. She voluntarily agreed to its terms by signing the Agreement in exchange for employment. Accordingly, Olson's argument that the adhesive nature of the Agreement is "inherently unfair" is insufficient to render it unenforceable on the basis of procedural unconscionability.

> **2.     Olson has not demonstrated that anything in the Arbitration Provision is substantively unconscionable.**

Although both procedural and substantive unconscionability are relevant to the consideration of whether an agreement to arbitrate is enforceable, only substantive unconscionability is "absolutely necessary." *Meunier v. Nw. Mut. Life Ins. Co.*, 51 F. Supp. 3d 1023, 1031 (D. Or. 2014) (citation and internal quotation marks omitted). Substantive unconscionability refers to the terms of the contract and generally focuses on whether the nature of the substantive terms is one-sided. *Id.*

Here, the Arbitration Provision requires the arbitrator to follow the applicable American Arbitration Association's rules. As noted in MBO Partner's Motion to Dismiss (Dkt. No. 16), these rules are substantively fair to Olson and provide for a neutral arbitrator and any remedy that would otherwise be available to Olson had this dispute been heard in court. Further, the terms of the Arbitration Provision are not one-sided as they apply to both parties. Because Olson

Page 5 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

has not established that any term of the Agreement is substantively unconscionable, the Agreement is enforceable.

**C.    Defendant did not misrepresent the terms of the Arbitration Provision.**

Olson argues that her assent to the Agreement was a result of fraudulent inducement. Pl. First Resp. 3. To prevail on this claim, Olson must establish that "1) that the defendants falsely represented a material fact; 2) that the misrepresentation was knowingly made, or made with an insufficient basis for asserting its truth (scienter); 3) that the misrepresentation was made with the intention of inducing [Olson] to act or refrain from acting; 4) that [Olson] justifiably relied on defendant's misrepresentation; and 5) that [Olson] suffered resultant damage." *Platt Elec. Supply, Inc. v. Menlo Logistics, Inc., No*. CIV.00-474-S, 2001 WL 34043437, at *2 (D. Or. Apr. 2, 2001) (citation omitted).

Olson alleges that she was led to believe the Agreement granted permission for MBO Partners to process payments she received from her work for Bonneville Power Administration, and on that basis the Agreement, including the Arbitration Provision, was the "product of deception." Pl. First Resp. 3. Olson's argument lacks merit, however, because the Arbitration Provision was part of the Agreement that Olson knowingly signed and MBO Partners did not misrepresent any facts in the Agreement. As noted in MBO Partner's Motion to Dismiss, the Arbitration Provision was provided in paragraph 10 of the Agreement in plain language.  In paragraph 11, it was again noted that "Arbitration will be the exclusive method for resolving disputes between [Olson and MBO Partners]." Olson had the opportunity to review the Agreement and ask questions prior to signing. She cannot reasonably claim that she was fraudulently induced to agree to the Arbitration Provision when the language was explicitly provided in the Agreement. Further, the Arbitration Provision has not caused any damage to Olson because she still has the opportunity to pursue her claims in an arbitral forum.

Page 6 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Accordingly, the Arbitration Provision should be enforced because it was not the product of misrepresentation or fraudulent inducement.

## III.   CONCLUSION

For the foregoing reasons and the reasons stated in Defendant's Motion to Dismiss, the Court should enforce the Arbitration Provision and dismiss Olson's claims entirely or, in the alternative, compel Olson to arbitrate her claims as contractually agreed.

DATED this 8th day of August, 2016.

**DAVIS WRIGHT TREMAINE LLP**

By  *s/ Kalia Walker*
JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for MBO Partners, Inc.

Page 7 – DEFENDANT'S REPLY ISO DEFENDANT'S MOTION TO DISMISS

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OLSON'S COMPLAINT OR IN THE ALTERNATIVE TO STAY AND COMPEL ARBITRATION** on:

>Andrea Olson
>3404 SW Comus Street
>Portland, OR 97219
>Email: andrea.olson8888@gmail.com
>
>Plaintiff

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below;

☐ by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below; or

☐ by emailing a copy thereof to said attorney at his/her last-known email address as set forth above.

DATED this 8th day of August, 2016.

DAVIS WRIGHT TREMAINE LLP

By  *s/ Kalia Walker*
JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for MBO Partners, Inc.

Page 1 – CERTIFICATE OF SERVICE

DWT 30130634v2 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax