IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANDREA OLSON,

        Plaintiff,

    v.

MBO PARTNERS, INC.,

        Defendant.

No. 3:15-cv-2216-HZ

OPINION & ORDER

Andrea Olson
3404 SW Comus Street
Portland, OR 97219

     Pro se Plaintiff

Eric H. Rumbaugh
Kirk A. Pelikan
MICHAEL BEST
100 East Wisconsin Ave., Suite 3300
Milwaukee, WI 53202

Jenna Leigh Mooney
Kalia Walker
DAVIS WRIGHT TREMAINE, LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Andrea Olson brings this employment discrimination action against Defendant MBO Partners, Inc. On June 30, 2016, Plaintiff filed a motion for appointment of counsel, which was denied. Now, Plaintiff brings another motion for appointment of counsel, contending that she is unable to represent herself due to her disability of Post-Traumatic Stress Disorder (PTSD). Pl.'s Mot. 1, ECF 40. The Court denies Plaintiff's motion.

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am ., 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate her claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

Plaintiff has not requested *in forma pauperis* status, nor has she provided the Court with sufficient information to determine that she meets the requirements of an indigent party as provided in 28 U.S.C. § 1915(e). Furthermore, the Court finds that Plaintiff has not demonstrated

a likelihood of success on the merits, nor has she demonstrated an inability to articulate her claims. Accordingly, there are no exceptional circumstances that support the appointment of counsel under § 1915(e).

Currently pending before the Court is Plaintiff's "Motion for Leave to File Amended Complaint," which was filed on August 1, 2016. On August 10, 2016, the Court ordered Plaintiff to comply with Local Rule 15-1 and provided her with 10 days to submit an amended motion. See Order, August 10, 2016, ECF 36. When Plaintiff asked for an extension of time to comply and for clarification of this Court's order, the Court granted the extension and provided additional guidance regarding what Plaintiff must do in order for this Court to consider her motion for leave to file an amended complaint. See Order, August 23, 2016, ECF 39. The Court ordered Plaintiff to submit a proposed amended complaint by September 7, 2016. Id. Instead of complying with this Court's August 23, 2016 order, Plaintiff filed the present motion for appointment of counsel.

Plaintiff is given one final opportunity to submit a proposed amended complaint within 10 days of this order. If Plaintiff fails to submit a proposed amended complaint that complies with this Court's August 23, 2016 order, the Court will deny Plaintiff's motion for leave to file an amended complaint and will proceed using Plaintiff's original complaint as the operative complaint in this case.

///

///

**CONCLUSION**

The Court denies Plaintiff's "Motion for Appointed Counsel as a Reasonable

Accommodation" [40]. Plaintiff is ordered to submit a proposed amended complaint within 10

days of the date below.

IT IS SO ORDERED.

Dated this _____24_____ day of _____Sept._____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge