IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREA OLSON,

        Plaintiff,

   v.

MBO PARTNERS, INC.,

        Defendant.

No. 3:15-cv-2216-HZ

OPINION & ORDER

Andrea Olson
3404 SW Comus Street
Portland, OR 97219

      Pro se Plaintiff

Eric H. Rumbaugh
Kirk A. Pelikan
MICHAEL BEST
100 East Wisconsin Ave., Suite 3300
Milwaukee, WI 53202

Jenna Leigh Mooney
Kalia Walker
DAVIS WRIGHT TREMAINE, LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Andrea Olson brings this employment discrimination action against Defendant MBO Partners, Inc. Plaintiff alleges that she was discriminated against on the basis of disability and reprisal for asserting her rights. Plaintiff brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12112-12203; Family Medical Leave Act, 29 U.S.C. § 2615(a), (b); and the Rehabilitation Act, 29 U.S.C. § 793. Defendant moves to dismiss Plaintiff's claims because they are subject to mandatory arbitration. Alternatively, Defendant moves to stay the case and compel arbitration. Also pending before the Court are Plaintiff's motion for a stay and Plaintiff's motion for reconsideration of this Court's decision to deny Plaintiff's request for appointed counsel. The Court grants Defendant's motion to dismiss and denies Plaintiff's motions. However, the Court will issue a *sua sponte* order granting Plaintiff appointed counsel for the limited purpose of drafting an amended complaint in response to this Opinion & Order.

## FACTUAL BACKGROUND

Plaintiff began working as a contractor for the Bonneville Power Administration (BPA) in January of 2010. Compl. ¶ 5, ECF 1. In December of 2011, BPA told Plaintiff that, in order to continue working for BPA, she would have to become a "W-2 employee" of Defendant, a contractor of BPA who would process payments from BPA to Plaintiff. Id. at ¶ 8. Plaintiff was told she would have to sign a contract with Defendant. Id.

On January 17, 2012, Plaintiff signed a General Service Agreement ("Agreement") with Defendant. Id.; Baxter Decl. Ex. 1, ECF 18-1. Defendant functioned as a placement agency by supplying Plaintiff's services to BPA. Compl. ¶ 13. BPA paid Defendant for work performed by Plaintiff and then Defendant, in turn, paid Plaintiff after extracting a "business management fee" for its services. Id. at ¶ 12.

The Agreement includes the following arbitration provision:

> The Parties agree to arbitrate any and all disputes between them. The Parties agree that arbitration shall be the exclusive method of resolving any and all disputes between them including but not limited to disputes arising out of or related to their relationship or dealings, under this Agreement, under state, federal or local or other law, under common law, or otherwise.

Baxter Decl. Ex. 1 at ¶ 10. In a separate paragraph, the Agreement states:

> The parties agree that they each waive any right they have to a jury trial regarding any dispute between them. Arbitration will be the exclusive method for resolving disputes between the Parties.

Id. at ¶ 11.

## PROCEDURAL BACKGROUND

Plaintiff filed her complaint on November 24, 2015. The Hon. Michael Simon was assigned to preside over Plaintiff's case. At the time, Plaintiff was represented by counsel. However, on January 12, 2016, Plaintiff's attorney moved for leave to withdraw from the case and the motion was granted. Order, Jan. 14, 2016, ECF 6. Plaintiff has not obtained replacement counsel.

On February 19, 2016, Defendant moved to dismiss Plaintiff's case. Def.'s Mot. Dismiss, ECF 16. Plaintiff was granted two extensions of time to respond to Defendant's motion, in order for her to secure counsel. After she was unable to do so, she requested the appointment of counsel from the Court. Her request was denied because she failed to provide proof of indigency

and the Court determined that the facts and legal issues involved in this case were not of substantial complexity. Order, July 5, 2016, ECF 25. Further, there was no indication that Plaintiff could not sufficiently articulate her claims and Plaintiff failed to demonstrate a likelihood of success on the merits. Id.

Plaintiff filed a response to Defendant's motion to dismiss and also moved for Judge Simon to recuse himself from the case. Judge Simon granted the motion for recusal and, thus, Plaintiff's case was reassigned to this Court. Order, July 28, 2016, ECF 31.

Before Defendant replied to Plaintiff's response to the motion to dismiss, Plaintiff filed a motion for leave to file an amended complaint. Plaintiff's motion stated that she wished to "amend and add joint employer/federal agency BPA to this case as a reasonable accommodation." Mot. Am. Compl., ECF 34. However, Plaintiff failed to attach a proposed amended complaint to her motion. Several days later, Defendant filed its reply in the motion to dismiss.

On August 10, 2016, this Court entered an order granting Plaintiff 10 days to bring her motion for leave to file an amended complaint in compliance with Local Rule 15-1, which requires Plaintiff to submit, as an exhibit to her motion for leave to file an amended complaint, a copy of the proposed amended pleading. Order, August 10, 2016, ECF 36. Plaintiff moved for an extension of time to comply with this Court's order. The Court granted Plaintiff's motion and ordered her to submit her proposed amended complaint by September 7, 2016. Order, August 23, 2016, ECF 39.

Instead of complying with this Court's order, on September 2, 2016, Plaintiff submitted a motion for the appointment of counsel. This Court denied Plaintiff's motion for the same reasons stated by Judge Simon. Opinion & Order, Sept. 24, 2016, ECF 44. Further, the Court stated:

> Plaintiff is given one final opportunity to submit a proposed amended complaint within 10 days of this order. If Plaintiff fails to submit a proposed amended complaint that complies with this Court's August 23, 2016 order, the Court will deny Plaintiff's motion for leave to file an amended complaint and will proceed using Plaintiff's original complaint as the operative complaint in this case.

Id.

Plaintiff failed to submit a proposed amended complaint. Instead, on October 4, 2016, Plaintiff filed a motion for stay and a motion for reconsideration of this Court's order denying her appointment of counsel.

## STANDARDS

Although the FAA authorizes a court to stay an action that is subject to a valid agreement to arbitrate, 9 U.S.C. § 3, a court instead may dismiss an action, rather than merely staying it, when all of the issues raised in the action are arbitrable. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) ("The district court acted within its discretion when it dismissed [the plaintiff's] claims. As in Martin Marietta [Aluminum, Inc. v. General Electric Co., 586 F.2d 143 (9th Cir. 1978)], the arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration."); see also Bridgetown Trucking, Inc. v. Acatech Sols., Inc., No. 3:16-CV-00236-SI, 2016 WL 3411552, at *11 (D. Or. June 16, 2016) (finding dismissal of the case appropriate where all of the plaintiff's claims were subject to arbitration).

## DISCUSSION

## I.     Plaintiff's Motion for Stay and Motion for Reconsideration

Plaintiff moves to stay the case "until this Court addresses legal abuse concerns and ensures fair and impartial due process." Pl.'s Mot. Stay 1, ECF 46. Plaintiff submits a 9-page motion and 90 pages of documents in support. Id. The essence of Plaintiff's argument is that she

is unable to represent herself and, therefore, is unable to comply with this Court's orders. Plaintiff also moves for reconsideration of this Court's order denying her motion for court-appointed counsel. Pl.'s Mot. Recons., ECF 47. She repeats the arguments made in her prior requests for court-appointed counsel.

Plaintiff's arguments are unavailing. "Although Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

Plaintiff's motion for a stay and motion for reconsideration merely repeat arguments that have already been considered and rejected by this Court. As the Court has explained, there is no constitutional right to counsel in a civil case. Opinion & Order, Sept. 24, 2016 (citing United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986)). Further, Plaintiff has not provided any information to indicate that she is indigent.

This case was filed almost a year ago and Defendant filed its motion to dismiss over eight months ago. The Court has provided Plaintiff with numerous extensions of time and has attempted to be as clear as possible in explaining to Plaintiff what she needs to do in order to comply with this Court's orders. At this point, Defendant is entitled to a ruling on its motion to dismiss and Plaintiff has offered no argument to persuade this Court that the case should not go forward. Accordingly, Plaintiff's motion for a stay and motion for reconsideration are denied.

The Court proceeds to rule on Defendant's motion to dismiss the version of Plaintiff's complaint that was originally submitted.

**II.      Defendant's Motion to Dismiss**

Defendant argues that the Court should dismiss or stay Plaintiff's claims due the parties' agreement to arbitrate. Plaintiff does not challenge the fact that an arbitration clause exists in the parties' Agreement and that such clause encompasses Plaintiff's employment discrimination claims. Instead, Plaintiff contends that the arbitration provision is unenforceable because it violates Oregon law, the Agreement is unconscionable because it is an adhesion contract, Plaintiff was forced to sign the Agreement under duress, and the Agreement was the result of misrepresentation or fraudulent inducement. Each of Plaintiff's arguments fails.

a.   The Agreement and Oregon law

Plaintiff contends that that the arbitration language in the Agreement is not compliant with Oregon Revised Statute § (O.R.S.) 36.620 and, thus, is not enforceable. Plaintiff points to specific language that O.R.S. 36.620(5) requires to be included in any arbitration agreement. The language identified by Plaintiff is not present in the parties' Agreement.

However, Defendant correctly states that O.R.S. 36.620(5) is preempted by the Federal Arbitration Act (FAA), 9 U.S.C. § 2. The FAA sets forth a "national policy favoring arbitration" that "forecloses state legislative attempts to undercut the enforceability of arbitration agreements." Preston v. Ferrer, 552 U.S. 346, 353 (2008) (quoting Southland Corp. v. Keating, 465 U.S. 1, 6 (1984)). Thus, where a state law imposes conditions specifically for arbitration agreements that go beyond the conditions in the FAA, the law is preempted by the FAA. Lowden v. T-Mobile USA, Inc., 512 F.3d 1213, 1219 (9th Cir. 2008) ("The United States Supreme Court has interpreted this statute to require that any state legal principle attempting to invalidate an

arbitration agreement must be a principle that applies to contracts generally."). On that basis, several Oregon District Court decisions have determined that the FAA, where applicable, preempts O.R.S. 36.620(5). See, e.g., Ortega v. Barrett Business Services, Inc., et al., No. 2:16-CV-00368-SU, 2016 WL 5030396, at *4 (D. Or. Aug. 19, 2016); Hermida v. JP Morgan Chase Bank, N.A., No. 3:15-CV-00810-HZ, 2015 WL 6739129, at *3 (D. Or. Nov. 3, 2015); Noorzai v. Dabella Exteriors, LLC, No. 3:15-CV-00045-PK, 2015 WL 5037669, at *3 (D. Or. Aug. 25, 2015); W. v. Brookdale Senior Living Communities Inc., No. 3:13-CV-1567-HU, 2014 WL 2829751, at *9 (D. Or. June 20, 2014); Bettencourt v. Brookdale Senior Living Communities, Inc., No. 09-CV-1200-BR, 2010 WL 274331, at *7 (D. Or. Jan. 14, 2010).

Plaintiff does not contend that the arbitration language in the Agreement is not compliant with the FAA. Any failure of the Agreement to comply with ORS 36.620(5) does not render the Agreement unenforceable.

b. Unconscionability

Plaintiff states that the Agreement is unconscionable because it is an adhesion contract. Plaintiff cites several California state court cases to support of her assertion. Defendant argues that Plaintiff fails to show that the formation of the arbitration provision was procedurally unconscionable or that anything in the arbitration provision is substantively unconscionable.

When grounds "exist at law or in equity for the revocation of any contract," courts may decline to enforce arbitration agreements. 9 U.S.C. § 2; see also Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 683 (1996). Federal courts "apply ordinary state-law principles that govern the formation of contracts" to evaluate the validity of an arbitration agreement. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) (federal courts apply the law of the forum state to

determine enforceability of an arbitration agreement). Thus, the Court must interpret and apply Oregon law as applied by Oregon courts.

Unconscionability is a defense "that may render an agreement to arbitrate unenforceable." <u>Chalk v. T-Mobile USA, Inc.</u>, 560 F.3d 1087, 1092 (9th Cir. 2009). "The party asserting unconscionability bears the burden of demonstrating that the arbitration clause in question is, in fact, unconscionable." <u>Motsinger v. Lithia Rose-FT, Inc.</u>, 211 Or. App. 610, 614, 156 P.3d 156, 160 (2007) (citing <u>W. L. May Co., Inc. v. Philco–Ford Corp.</u>, 273 Or. 701, 707, 543 P.2d 283 (1975)). Unconscionability is a "question of law ... determined [by the court] based on the facts in existence at the time the contract was made." <u>Id.</u> "In Oregon, the test for unconscionability has two components—procedural and substantive." <u>Id.</u> "Procedural unconscionability refers to the *conditions* of contract formation, and substantive unconscionability refers to the *terms* of the contract." <u>Id.</u>

Plaintiff contends that the Agreement is unconscionable because Defendant had all of the bargaining power and Plaintiff had to sign the Agreement on a "take it-or-leave it" basis after she was already employed. However, Plaintiff's Complaint makes clear that, while she was already employed by BPA when she was presented with the Agreement, she was not employed by Defendant. Her employment with Defendant began at the time she signed the Agreement. Compl. ¶¶ 8, 10.

As to the "take it-or-leave it" nature of the Agreement, the Ninth Circuit has applied Oregon law and found that "a contract of adhesion—an agreement presented on a take-it-or-leave-it basis—reflects unequal bargaining power, but the adhesive nature of a contract standing alone is insufficient to render an agreement procedurally unconscionable." <u>Chalk</u>, 560 F.3d at 1094. Where the arbitration clause is not hidden or disguised, and the plaintiff is given time to

read the documents before assenting to their terms, there is no procedural unconscionability. Id. A party is presumed to be familiar with the contents of any document that bears the person's signature. Id.

Plaintiff does not allege that the arbitration clause was hidden or that she was not given time to read it before signing. Nor does she allege that the clause contains unfair or unreasonable terms. In sum, Plaintiff fails to demonstrate that the Agreement is unconscionable in any way.

    c.  Duress

Plaintiff claims she was forced to sign the Agreement under duress because she would have lost her job at BPA if she refused to sign the Agreement.

"Duress is an unlawful constraint exercised on a person whereby he is forced to do some act against his will." Kreidler v. Taylor, 473 F. Supp. 2d 1090, 1096 (D. Or. 2007) (quoting Oregon Bank v. Nautilus Crane & Equip. Corp., 68 Or. App. 131, 142, 683 P.2d 95 (1984). "Whether particular facts are sufficient to constitute a defense of economic duress or business compulsion is a matter of law for the courts, while the question of whether the facts alleged actually exist is a matter for the jury." Id. There are three elements to a *prima facie* case of economic duress: (1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats, and (3) the absence of any reasonable alternative to the terms presented by the wrongdoer. Oregon Bank, 68 Or. App. at 142, 683 P.2d at 103.

Plaintiff makes no allegations of any "wrongful acts or threats" except for the fact that the Agreement was presented to her on a "take it-or-leave it" basis and that signing the Agreement was a condition of her offer of employment. As discussed above, this unequal power dynamic does not render the Agreement unenforceable. Even if Plaintiff felt that she had no

choice but to sign the Agreement in order to work for Defendant, such a "threat" does not constitute duress. See Oregon Bank, 68 Or. App. at 143, 683 P.2d at 103.

    d.  Misrepresentation or fraudulent inducement

Plaintiff alleges that she "was led to believe that she was signing off permission for [Defendant] to payroll [Plaintiff's] BPA contract payments[.]" Plaintiff implies that she did not know that the Agreement contained an arbitration provision.

To support her claim of misrepresentation or fraudulent inducement under Oregon law, Plaintiff must establish 1) that Defendant made a false representation of material fact; 2) with the knowledge or belief that it was false, or with an insufficient basis for asserting that it was true; 3) with the intent that Plaintiff rely on it; 4) that Plaintiff justifiably relied; and 5) that Plaintiff suffered consequent damages. Meade v. Cedarapids, Inc., 164 F.3d 1218, 1221 (9th Cir. 1999). "The mere nondisclosure of material facts can be a form of misrepresentation where the defendant has concealed a known fact that is material to the transaction or has made representations that would be misleading without full disclosure. Id. (citations omitted).

Plaintiff fails to allege that Defendant made any false representation of material fact. At most, Plaintiff alleges that Defendant failed to disclose that the Agreement had an arbitration clause. However, the arbitration provision is clearly stated in paragraphs 10 and 11 of the Agreement. As discussed above, there is a presumption that Plaintiff read the Agreement and was familiar with the contents. See First Interstate Bank of Oregon, N.A. v. Wilkerson, 128 Or. App. 328, 337 n. 11, 876 P.2d 326, 331 (1994) ("A person is presumed to be familiar with the contents of any document that bears the person's signature.").


///

### III.    Leave to Amend

Before dismissing a *pro se* complaint for failure to state a claim, the Court must provide Plaintiff with a statement of the complaint's deficiencies and give Plaintiff leave to amend the complaint, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>Rouse v. U.S. Dep't of State</u>, 548 F.3d 871, 881–82 (9th Cir.2008).

Here, the Court has explained why Plaintiff's claims are subject to arbitration and, thus, must be dismissed. Nevertheless, the Court provides Plaintiff with an opportunity to amend her complaint in case she could cure the deficiencies noted. In addition, the Court notes that Plaintiff has stated in various motions that she wishes to add another defendant as a party to this case. If Plaintiff chooses to amend her complaint following this decision, her amended complaint should include all parties against whom she wishes to bring her claims.

Plaintiff has expressed to the Court several times that she is unable to understand this Court's orders to amend her complaint in compliance with the Federal Rules of Civil Procedure and this District's Local Rules. Therefore, the Court will enter a *sua sponte* order appointing counsel for the limited purpose of assisting Plaintiff to file an amended complaint that complies with this Opinion & Order. Plaintiff should be aware that her appointed counsel will only be directed to assist her with the filing of an amended complaint and is not being appointed as Plaintiff's counsel for the duration of the case. Thus, Plaintiff is still encouraged to seek counsel to represent her on this case.

### CONCLUSION

The Court grants Defendant's Motion to Dismiss [16]. The Court denies Plaintiff's Motion for Stay [46] and Motion for Reconsideration [47]. Plaintiff is granted leave to amend her complaint. The Court will enter a *sua sponte* order appointing Plaintiff counsel for the

limited purpose of submitting an amended complaint. The amended complaint is due within 60 days of an attorney accepting this Court's appointment.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016.

MARCO A. HERNÁNDEZ
United States District Judge