JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

      Attorneys for Defendant MBO Partners, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| ANDREA OLSON,<br><br>               Plaintiff,<br><br>    v.<br><br>MBO PARTNERS, INC., a Virginia Corporation; UNITED STATES OF AMERICA, acting by and through the Department of Energy and the Bonneville Power Administration; and JAMES RICHARD PERRY, Secretary of the Department of Energy,<br><br>               Defendant. | Case No. 3:15-cv-02216-HZ<br><br>**DEFENDANT MBO PARTNERS, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION AND MEMORANDUM IN SUPPORT** |

## L.R. 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Defendant MBO Partners, Inc. certifies that they conferred in good faith with Plaintiff Andrea Olson's counsel via telephone on March 22 and 24, 2017, but the parties were unable to reach agreement on the subject matter of this motion.

Page 1 – DEFENDANT MBO PARTNERS, INC.'S MOTION TO DISMISS PLTF'S AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## I.     MOTION

Pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C §§ 1-16 (the "FAA"), Defendant MBO Partners, Inc. ("MBO Partners") moves this Court for an order dismissing Plaintiff Andrea Olson's ("Olson") Amended Complaint with prejudice, or in the alternative staying the claims, and compelling arbitration under the FAA.

## II.     INTRODUCTION

Olson is a party to a General Service Agreement with MBO Partners dated January 10, 2012 (the "Agreement"). Dkt. 18, Ex. 1. The Agreement contains a provision that establishes arbitration as the exclusive method for resolving any disputes arising out of Olson's relationship with MBO Partners (the "Arbitration Provision"). Olson filed a Complaint on November 24, 2015, Dkt. 1, where each of the claims articulated arose out of her relationship with MBO Partners. Olson has now filed an Amended Complaint alleging virtually identical claims against MBO Partners. As with Olson's initial Complaint, MBO Partners seeks enforcement of the terms of the Agreement and requests that the Court dismiss Olson's Amended Complaint, or in the alternative stay the claims, and order Olson to submit her claims to binding arbitration as provided for in the Arbitration Provision. *See Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (arbitration is a matter of contract and courts must enforce an arbitration agreement according to its terms).

## III.     FACTUAL BACKGROUND

Olson began her relationship with MBO Partners on January 10, 2012. At the commencement of her relationship, she signed the Agreement electronically, evidencing her receipt and review of the document and agreement with its terms. According to the terms of the Arbitration Provision, Olson is unequivocally bound to arbitrate claims arising out of her relationship with MBO Partners. Specifically, the Arbitration Provision provides that:

> "[MBO Partners and Olson] agree that arbitration shall be the exclusive method of resolving any and all disputes between them including but not limited to disputes arising out of or related to their relationship or dealings, under this Agreement, under state,

Page 2 – DEFENDANT MBO PARTNERS, INC.'S MOTION TO DISMISS PLTF'S AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

federal or local or other law, under common law, or otherwise."

Dkt. 18, Ex. 1, ¶ 10.

The Agreement further provides that Olson agrees that both parties are waiving their rights to trial by jury, in favor of arbitration. *Id.* at ¶ 11.

Olson initiated this litigation on November 24, 2015, despite her prior agreement to the terms of the Arbitration Provision. On February 19, 2016, MBO Partners filed its Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay and Compel Arbitration and Memorandum in Support ("Motion to Dismiss"). Dkt. 16. In July 2016, Olson filed her response to the Motion to Dismiss in two separate filings. Dkt. 27 and 28. MBO Partners filed its Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Stay and Compel Arbitration ("Reply"). Dkt. 35. On October 20, 2016, this Court granted MBO Partners' Motion to Dismiss. Dkt. 48. The Court also issued a sua sponte order appointing Olson counsel to amend her complaint and address deficiencies in her pleading, including Olson's failure to plead facts contradicting the Court's ruling that her claims are subject to arbitration. *Id.*

## IV.    ARGUMENT

### A.    The Court Should Dismiss This Action Because All Claims Are Subject to Arbitration.

Olson's Complaint and Amended Complaint allege virtually identical claims against MBO Partners. As this Court has already concluded, however, Olson's claims against MBO Partners should be dismissed based on the Agreement's Arbitration Provision. *See* Dkt. 48 at 12. ("Here, the Court has explained why Plaintiff's claims are subject to arbitration and, thus, must be dismissed.") Despite being given the opportunity to cure the deficiencies in her Complaint, Olson has not pled any new facts that call into question the Agreement's enforceability or the Court's prior ruling.

In Olson's response to MBO Partners' Motion to Dismiss, Dkt. 27 and 28, she alleged that the Agreement was (1) unenforceable under ORS 36.620(5); (2) unconscionable; (3) obtained under duress; and (4) obtained based on misrepresentation or fraudulent inducement.

Page 3 – DEFENDANT MBO PARTNERS, INC.'S MOTION TO DISMISS PLTF'S AMENDED COMPLAINT

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Without reiterating all of its prior arguments, MBO Partners briefly addresses each of these claims below.

### 1.    The FAA preempts ORS 36.620(5).

Olson argued that the Arbitration Provision was unenforceable because it does not comply with ORS 36.620(5). The Court noted in its Opinion & Order, however, that ORS 36.620(5) is preempted by the Federal Arbitration Act (FAA), 9 U.S.C. § 2. Dkt. 48 at 7. Accordingly, the Arbitration Provision is not rendered unenforceable due to MBO Partners' failure to comply with ORS 36.620(5).

### 2.    The Arbitration Provision is neither procedurally nor substantively unconscionable.

Olson also alleged that the Arbitration Provision is invalid because it is unconscionable. She claimed the Agreement was procedurally unconscionable because it was a contract of adhesion presented on a "take it or leave it" basis. Oregon courts have consistently agreed, however, that unequal bargaining power "is not enough to invalidate an arbitration clause on the basis of unconscionability." *See e.g. Motsinger v. Lithia Rose-FT, Inc.*, 211 Or. App. 610, 617, 156 P.3d 156, 161 (2007); *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009) (applying Oregon law, held that the "take-it-or-leave-it" nature of an arbitration agreement, standing alone, is insufficient to render it procedurally unconscionable). This Court, citing *Chalk v. T-Mobile USA*, noted that "[w]here the arbitration clause is not hidden or disguised, and the plaintiff is given time to read the documents before assenting to their terms, there is no procedural unconscionability." Dkt. 48 at 9-10.

MBO Partners gave Olson ample opportunity to read the six-page Agreement prior to signing. She voluntarily agreed to its terms by signing the Agreement in exchange for employment. Olson does not allege in either complaint that the Arbitration Provision was hidden or that she was not provided with an opportunity to review and ask questions about the Agreement.

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Olson's Amended Complaint also fails to allege facts supporting her claim that the Agreement was substantively unconscionable. Substantive unconscionability refers to the terms of a contract. *Motsinger*, 211 Or. App. at 614. Olson does not allege that the terms of the Agreement are unreasonable or substantively unfair. As noted in the MBO Partners' Reply, Dkt. 35, the Arbitration Provision requires the arbitrator to follow the applicable American Arbitration Association's rules. The terms of the Agreement apply to both parties and provide Olson with any remedy that would otherwise be available to her had the dispute been heard in court. In short, the Agreement is not unconscionable and Olson fails to assert any facts in support of this claim.

### 3.    Olson did not sign the Agreement under duress.

Olson also claims that she was forced to sign the Agreement under duress because if she did not sign she would have lost her job at BPA. Under Oregon law, the elements for a prima facie case of economic duress are "(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats, and (3) the absence of any reasonable alternative to the terms presented by the wrongdoer." *Oregon Bank v. Nautilus Crane & Equip. Corp.*, 68 Or. App. 131, 142–43, 683 P.2d 95, 103 (1984). Olson's pleadings make no allegations, and MBO Partners denies, that the company engaged in "wrongful acts or threats" in obtaining her signature on the Agreement. Olson also fails to allege facts regarding the latter two prongs of her prima facie burden. Accordingly, the Court should affirm its ruling as to Olson's duress claim.

### 4.    MBO Partners did not misrepresent the terms of the Arbitration Provision.

Finally, MBO Partners did not misrepresent the Agreement's content or fraudulently induce Olson to sign the Agreement. To prevail on this claim, Olson must establish that "1) that the defendants falsely represented a material fact; 2) that the misrepresentation was knowingly made, or made with an insufficient basis for asserting its truth (scienter); 3) that the misrepresentation was made with the intention of inducing [Olson] to act or refrain from acting;

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4) that [Olson] justifiably relied on defendant's misrepresentation; and 5) that [Olson] suffered resultant damage." *Platt Elec. Supply, Inc. v. Menlo Logistics, Inc.*, No. CIV.00-474-S, 2001 WL 34043437, at *2 (D. Or. Apr. 2, 2001) (citation omitted).

Olson's claim falls short because the Arbitration Provision was part of the Agreement that Olson knowingly signed and MBO Partners did not misrepresent any facts in the Agreement. The Arbitration Provision was provided in paragraph 10 of the Agreement in plain language. In paragraph 11, it was again noted that "[a]rbitration will be the exclusive method for resolving disputes between [Olson and MBO Partners]." In other words, the Arbitration Provision was clearly and conspicuously provided in the Agreement Olson signed. Moreover, Olson's Amended Complaint does not allege that MBO Partners made any false representation of material fact in the Agreement.

In short, Olson's Amended Complaint does not allege any new facts concerning the validity of the parties' Agreement. Further, Olson acknowledges that the Agreement contains the Arbitration Provision. Dkt. 56 at ¶ 109. Olson asks the Court to enter a stay of proceedings pending arbitration if it decides to enforce the Arbitration Provision. *Id*. The Court should uphold its prior ruling and deny Olson's request. As noted in MBO Partners' Motion to Dismiss, when an arbitration agreement has been shown to be enforceable, it is well established that courts "may sua sponte dismiss a case if all claims are subject to the arbitration agreement." *Escobedo v. Apple Nevada, LLC*, No. 2:12-CV-00437-GMN, 2013 WL 632096, at *1 (D. Nev. Feb. 20, 2013). Dismissal is appropriate here because all of Olson's claims are arbitrable so there is no "live controversy before the court," meaning that "[r]etaining jurisdiction would serve no purpose," and the appropriate procedure is dismissal. *Dancu v. Coopers & Lybrand*, 778 F. Supp. 832, 835 (E.D. Pa. 1991). Olson's Amended Complaint against MBO should be dismissed and her claims submitted to arbitration.

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**B.    The Presence of Additional Defendants Does Not Alter the Agreement's Enforceability.**

Olson's Amended Complaint adds the Bonneville Power Administration and James Richard Perry, Secretary of the Department of Energy, as defendants in this action. These additional defendants, however, do not change the fact that Olson's claims against MBO Partners remain subject to arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, 103 S. Ct. 927, 939, 74 L. Ed. 2d 765 (U.S. 1983) ("[A]n arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."); *Simpson v. Lifestyles, LLC*, No. CIV. 07-1251-HA, 2008 WL 1882838, at *3 (D. Or. Apr. 24, 2008) (rejecting plaintiff's argument that arbitration was improper because all defendants were not parties to arbitration agreement). Olson has a binding agreement to arbitrate her claims against MBO Partners. The FAA requires that the Court enforce the Agreement even if it results in bifurcated proceedings against the named defendants.

## V.    CONCLUSION

For all the reasons described above, MBO Partners respectfully requests this Court dismiss Olson's Amended Complaint with prejudice or, in the alternative, stay the claims and compel arbitration.

DATED this 27th day of March, 2017.

**DAVIS WRIGHT TREMAINE LLP**

By _ s/ Kalia Walker_
JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Attorneys for Defendant MBO Partners, Inc.

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANT MBO PARTNERS, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION AND MEMORANDUM IN SUPPORT** on:

> **Thomas C. Sand**
> Email: tom.sand@millernash.com
> **Ivan Resendiz Gutierrez**
> Email: ivan.resendiz@millernash.com
> Miller Nash Graham & Dunn LLP
> 111 SW Fifth Avenue, Suite 3400
> Portland, OR 97204
> Phone: 503-224-5858
> Fax: 503-224-0155
>
> Of Attorneys for Plaintiff Andrea Olson

☒          by using Cm/ECF electronic service.

DATED this 27th day of March, 2017.

**DAVIS WRIGHT TREMAINE** LLP

By  _s/ Kalia Walker_
JENNA L. MOONEY, OSB #993249
jennamooney@dwt.com
KALIA WALKER, OSB #154434
kaliawalker@dwt.com
Attorneys for Defendant MBO Partners, Inc.

NG-S40TG52V 4833-8367-8789v.3 0043097-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax