**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**JAMES E. COX, JR., OSB # 085653**
jim.cox@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:   (503) 727-1026
Facsimile     (503) 727-1117
Attorneys for Defendants the United States of America and James Richard Perry
("Federal Defendants")

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ANDREA OLSON**, an individual | Case No. 3:15-cv-02216-HZ |
| Plaintiff, | **FEDERAL DEFENDANTS'** |
| | **ANSWER TO PLAINTIFF'S** |
| **v.** | **AMENDED COMPLAINT** |
| **MBO PARTNERS, INC.**, a Virginia Corporation; **UNITED STATES OF AMERICA**, by and through the Department of Energy and Bonneville Power Administration; and **JAMES RICHARD PERRY**, Secretary of the Department of Energy,, | |
| Defendants. | |

Defendants the United States of America and James Richard Perry ("Federal

Defendants"), by Billy J. Williams, United States Attorney for the District of

Oregon, and James E. Cox, Jr., Assistant United States Attorney for the District of

**Page 1    Federal Defendants' Answer to Plaintiff's Amended Complaint**

Oregon, submit this Answer to Plaintiff's Amended Complaint (ECF # 56), as follows:

1.  In response to Paragraph 1, Federal Defendants admit that Plaintiff is seeking the state forms of relief but deny that Plaintiff's rights were violated and deny that she is entitled to any relief.

2.  Federal Defendants admit the allegations of Paragraph 2.

3.  Federal Defendants admit the allegations of Paragraph 3.

4.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5.  Federal Defendants admit the allegations of Paragraph 5.

6.  Federal Defendants admit the allegations of Paragraph 6.

7.  Federal Defendants admit the allegations of the first sentence of Paragraph 7. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the second sentence of Paragraph 7 and therefore deny them.

8.  Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and therefore deny them.

9.  In regard to the allegations of paragraph 9, Federal Defendants admit that Plaintiff filed her initial complaint on November 24, 2015 but deny that she met the administrative prerequisites to file suit.

10. Federal Defendants admit the allegations of Paragraph 10.

11. Federal Defendants admit the allegations of the first three sentences of Paragraph 11, but deny the allegations in the last sentence.

**Page 2   Federal Defendants' Answer to Plaintiff's Amended Complaint**

12. Federal Defendants admit the allegations of Paragraph 12.

13. Federal Defendants admit the first sentence of Paragraph 13 to the extent that in December 2011, MBO conducted a review and determined there was a risk that the Internal Revenue Service could determine that for tax purposes, the Plaintiff could be classified as an employee.  Federal Defendants admit the second sentence to the extent that BPA informed the Plaintiff that to continue her contractual relationship with Defendant, she needed to contract with MBO but denies that MBO is a "placement agency."

14. Federal Defendants deny the allegations of Paragraph 14.  Federal Defendants admit that Plaintiff signed a General Services Agreement on January 10, 2012.

15. In response to Paragraph 15, Federal Defendants admit Plaintiff acted as BPA's subject matter expert in the area of reasonable accommodations but denies MBO "supplied" the Plaintiff as a worker to BPA.  BPA directed the Plaintiff to MBO; MBO did not "supply" the Plaintiff.  Federal Defendants admit the second sentence of paragraph but the Plaintiff "operated in a largely independent manner without supervision."  Federal Defendants admit the third sentence but note that Plaintiff was required to identify herself with MBO Partners.

16. Federal Defendants admit the allegations of Paragraph 16, except to clarify that the benefits to which MBO provided Plaintiff access were group benefits, not "employee benefits."

17. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 and therefore

deny them.   Federal Defendants admit the allegations in the second sentence of paragraph 17, but deny the allegation in the third sentence that BPA directed Plaintiff to continue to submit detailed invoices to BPA.

18. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny them.

19. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny them. Federal Defendants deny that Plaintiff's work for BPA was full-time work.

20. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny them, but Federal Defendants admit that it was obvious that Plaintiff wore hearing aids from the time she was hired.

21. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny them.

22. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny them.

23. Regarding the allegations in paragraph 23, Federal Defendants admit that Plaintiff sent the referenced email, but deny that the assertions in the email were true.

24. Regarding the allegations in paragraph 24, Federal Defendants admit the first and second sentence with the exception that the Plaintiff initiated a Hotline complaint in November 2013 consistent with the allegations. Federal Defendants deny the allegations in the third sentence.

**Page 4   Federal Defendants' Answer to Plaintiff's Amended Complaint**

25. Federal Defendants deny the allegations of Paragraph 25.

26. Federal Defendants deny the allegations of Paragraph 26.

27. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny them.

28. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them.

29. Regarding the allegations in paragraph 29, Federal Defendants admit the allegations in the first two sentences, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence and therefore deny them.

30. Federal Defendants deny the allegations of Paragraph 30.

31. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them.

32. Federal Defendants admit the allegations of Paragraph 32.

33. Federal Defendants admit the allegations of Paragraph 33.

34. Federal Defendants admit the allegations of Paragraph 34.

35. Regarding the allegations of paragraph 35, Federal Defendants admit the allegations except deny that the letter explained why Plaintiff was out of the office.

36. Federal Defendants admit the allegations of the first sentence of Paragraph 36, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and therefore deny them.

37. Federal Defendants deny the allegations of Paragraph 37.

38. Federal Defendants deny the allegations of Paragraph 38.

39. Federal Defendants admit the allegations of Paragraph 39.

40. Federal Defendants deny the allegations of Paragraph 40.

41. Federal Defendants admit the allegations of Paragraph 41.

42. Federal Defendants deny the allegations of Paragraph 42.

43. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny them.

44. Federal Defendants admit the allegations of Paragraph 44.

45. Federal Defendants deny the allegations of Paragraph 45, except to admit that Mr. Hampton requested that MBO not inform Plaintiff that BPA was considering releasing her from her contract.

46. Federal Defendants admit the allegations of the first sentence of Paragraph 46, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and therefore deny them.

47. Federal Defendants deny the allegations of Paragraph 47.

48. Federal Defendants admit the allegations of the first sentence of Paragraph 48, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and therefore deny them.

49. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

50. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52. Federal Defendants admit the allegations of the first two sentences of Paragraph 52, but deny the allegations of the third sentence.

53. Regarding the allegations in paragraph 53, Federal Defendants admit that Plaintiff's network access was restricted but deny the remaining allegations.

54. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny them.

55. Federal Defendants admit the allegations of Paragraph 55.

56. Federal Defendants admit the allegations of Paragraph 56.

57. Federal Defendants admit the allegations of Paragraph 57.

58. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny them.

59. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny them.

60. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny them.

61. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny them.

62. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny them.

63. Federal Defendants deny the allegations of Paragraph 63.

64. In response to Paragraph 64, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

65. In response to Paragraph 65, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

66. In response to Paragraph 66, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

67. In response to Paragraph 67, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

68. In response to Paragraph 68, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

69. In response to Paragraph 69, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to

the extent that an answer is deemed required, Federal Defendants deny the
allegations.

70. In response to Paragraph 70, Federal Defendants deny that a response is
    required for allegations that are directed at another answering defendant but to
    the extent that an answer is deemed required, Federal Defendants deny the
    allegations.

71. In response to Paragraph 71, Federal Defendants deny that a response is
    required for allegations that are directed at another answering defendant but to
    the extent that an answer is deemed required, Federal Defendants deny the
    allegations.

72. In response to Paragraph 72, Federal Defendants deny that a response is
    required for allegations that are directed at another answering defendant but to
    the extent that an answer is deemed required, Federal Defendants deny the
    allegations.

73. In response to Paragraph 73, Federal Defendants deny that a response is
    required for allegations that are directed at another answering defendant but to
    the extent that an answer is deemed required, Federal Defendants deny the
    allegations.

74. In response to Paragraph 74, Federal Defendants deny that a response is
    required for allegations that are directed at another answering defendant but to
    the extent that an answer is deemed required, Federal Defendants deny the
    allegations.

75. In response to Paragraph 75, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

76. In response to Paragraph 76, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

77. In response to Paragraph 77, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

78. In response to Paragraph 78, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

79. In response to Paragraph 79, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

80. In response to Paragraph 80, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to

the extent that an answer is deemed required, Federal Defendants deny the allegations.

81. In response to Paragraph 81, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

82. In response to Paragraph 82, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

83. In response to Paragraph 83, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

84. In response to Paragraph 84, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

85. In response to Paragraph 85, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

86. In response to Paragraph 86, Federal Defendants deny that a response is required for allegations that are directed at another answering defendant but to the extent that an answer is deemed required, Federal Defendants deny the allegations.

87. Paragraph 87 realleges preceding paragraphs.   Federal Defendants reallege and incorporate by reference all of their previous responses to those allegations.

88. Paragraph 88 contains a characterization of federal statutes and conclusions of law to which no response is required.   To the extent a response is deemed necessary, Federal Defendants admit only that Plaintiff has alleged a claim under 29 U.S.C. § 2615(a).

89. Federal Defendants deny the allegations of Paragraph 89.

90. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny them.

91. Federal Defendants admit the allegations of Paragraph 91.

92. Federal Defendants deny the allegations of Paragraph 92.

93. Federal Defendants deny the allegations of Paragraph 93.

94. Federal Defendants deny the allegations of Paragraph 94.

95. Federal Defendants deny the allegations of Paragraph 95.

96. Federal Defendants deny the allegations of Paragraph 96.

97. Federal Defendants deny the allegations of Paragraph 97.

98. Federal Defendants deny the allegations of Paragraph 98.

99. Paragraph 99 realleges preceding paragraphs.   Federal Defendants reallege and incorporate by reference all of their previous responses to those allegations.

100.   Paragraph 100 contains a characterization of federal statutes and conclusions of law to which no response is required.   To the extent a response is deemed necessary, Federal Defendants admit only that Plaintiff has alleged a claim under 29 U.S.C. § 2615(b).

101.   Federal Defendants deny the allegations of Paragraph 101.

102.   Federal Defendants deny the allegations of Paragraph 102.

103.   Federal Defendants deny the allegations of Paragraph 103.

104.   Paragraph 104 realleges preceding paragraphs.   Federal Defendants reallege and incorporate by reference all of their previous responses to those allegations.

105.   Paragraph 105 contains a characterization of federal statutes and conclusions of law to which no response is required.   To the extent a response is deemed necessary, Federal Defendants admit only that Plaintiff has alleged a claim under 29 U.S.C. § 2615(a)(2)).

106.   Federal Defendants deny the allegations of Paragraph 106.

107.   Federal Defendants deny the allegations of Paragraph 107.

108.   Federal Defendants deny the allegations of Paragraph 108.

109.   Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109 and therefore deny them.

   Defendants deny each and every allegation of the Complaint not otherwise specifically admitted, denied, or qualified.   Defendants deny any and all of Plaintiff's claims for damages, relief, costs, and fees.

## AFFIRMATIVE DEFENSES

**Page 13   Federal Defendants' Answer to Plaintiff's Amended Complaint**

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Plaintiff, in whole or in part, has failed to comply with the statute of limitations of 29 U.S.C. § 2617(c).

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff is not entitled to liquidated damages because Federal Defendants acted in good faith and reasonably believed that their actions complied with the FMLA.

## THIRD AFFIRMATIVE DEFENSE

### (Same Action)

The adverse action would have occurred regardless of the Plaintiff's request for FMLA leave.

## FOURTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

Plaintiff is not entitled to a jury trial because the Federal Defendants have not waived sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

### (Unidentified)

Federal Defendants have, or may have, additional affirmative defenses which are not yet known to Federal Defendants, but which may become known through future discovery.   Federal Defendants assert each and every affirmative defense that may be supported by the evidence as it is revealed or developed through future

discovery.

## CONCLUSION

WHEREFORE, having answered each and every allegation contained in

Plaintiff's Amended Complaint, Federal Defendants deny that Plaintiff is entitled to

any recovery, prays that this Court deny Plaintiff's Amended Complaint, dismiss

this action, judgment be entered in favor of Federal Defendants, award Federal

Defendants their costs, and for such other relief as the Court deems just and proper.

Dated this 30th day of May 2017.

Respectfully Submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

/s/ James E. Cox, Jr.
JAMES E. COX, JR.
Assistant United States Attorney
Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Federal Defendants' Answer to Plaintiff's Amended Complaint** was placed in a postage prepaid envelope and deposited in the United States Mail at Portland, Oregon, on May 30, 2017, addressed to:

Andrea Olson
3404 SW Comus St.
Portland, OR 97219

KEITH RAMSEY