IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREA OLSON, an individual,

    Plaintiff,

  v.

MBO PARTNERS, INC., a Virginia
Corporation; UNITED STATES OF
AMERICA, by and through the Department of
Energy and Bonneville Power Administration;
and JAMES RICHARD PERRY, Secretary
of the Department of Energy;

    Defendants.

No. 3:15-cv-2216-HZ

OPINION & ORDER

Andrea Olson
3404 SW Comus Street
Portland, OR 97219

    Pro se Plaintiff

Eric H. Rumbaugh
Kirk A. Pelikan
MICHAEL BEST
100 East Wisconsin Ave., Suite 3300
Milwaukee, WI 53202

Jenna Leigh Mooney
Kalia Walker
DAVIS WRIGHT TREMAINE, LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

    Attorneys for Defendant MBO Partners, Inc.

Billy J. Williams
James E. Cox, Jr.
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204

    Attorneys for Defendants United States
    of America and James Richard Perry

HERNÁNDEZ, District Judge:

Pro se Plaintiff Andrea Olson brings this employment discrimination action against Defendants MBO Partners, Inc.; United States of America, by and through the Department of Energy and Bonneville Power Administration ("BPA"); and James Richard Perry, Secretary of the Department of Energy. Plaintiff alleges that she was discriminated against on the basis of disability and subject to reprisal for asserting her rights. Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112-12203; and Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a), (b). Defendant MBO Partners, Inc. ("Defendant") moves to dismiss Plaintiff's claims against it because the claims are subject to mandatory arbitration.[1] The Court finds that all of Plaintiff's claims against Defendant are subject to arbitration and grants

---

[1] The motion to dismiss is brought by MBO Partners, Inc. only. Defendants BPA and Mr. Perry filed an answer to Plaintiff's Amended Complaint. *See* Answer, ECF 80.

2 – OPINION & ORDER

Defendant's motion to dismiss. The motion to dismiss is granted for claims against MBO Partners, Inc. only.

## FACTUAL BACKGROUND

Plaintiff began working as a contractor for the Bonneville Power Administration in January of 2010. Am. Compl. ¶¶ 10–11, ECF 56. In December of 2011, BPA told Plaintiff that, in order to continue working for BPA, she would have to become a "W-2 employee" of Defendant, a contractor of BPA who would process payments from BPA to Plaintiff. *Id.* at ¶ 13. Plaintiff was told she would have to sign a contract with Defendant. *Id.*

On January 17, 2012, Plaintiff signed a General Service Agreement ("Agreement") with Defendant. *Id.* at ¶ 14; Baxter Decl. Ex. 1, ECF 18-1. Defendant functioned as a placement agency by supplying Plaintiff's services to BPA. Am. Compl. ¶ 15. BPA paid Defendant for work performed by Plaintiff and then Defendant, in turn, paid Plaintiff after extracting a "business management fee" for its services. *Id.* at ¶ 16.

The Agreement includes the following arbitration provision:

> The Parties agree to arbitrate any and all disputes between them. The Parties agree that arbitration shall be the exclusive method of resolving any and all disputes between them including but not limited to disputes arising out of or related to their relationship or dealings, under this Agreement, under state, federal or local or other law, under common law, or otherwise.

Baxter Decl. Ex. 1 at ¶ 10. In a separate paragraph, the Agreement states:

> The Parties agree that they each waive any right they have to a jury trial regarding any dispute between them. Arbitration will be the exclusive method for resolving disputes between the Parties.

*Id.* at ¶ 11.

**PROCEDURAL BACKGROUND**

Plaintiff filed her complaint against Defendant on November 24, 2015. On February 19, 2016, Defendant moved to dismiss Plaintiff's case. Def.'s Mot. Dismiss, ECF 16. On October 20, 2016, this Court granted Defendant's motion to dismiss, finding that Plaintiff's claims were subject to mandatory arbitration. *Olson v. MBO Partners, Inc.*, No. 3:15-CV-2216-HZ, 2016 WL 6138249, at *1 (D. Or. Oct. 20, 2016). However, the Court granted Plaintiff leave to amend her complaint. In response to Plaintiff's repeated requests for appointment of counsel, the Court appointed Plaintiff counsel for the limited purpose of drafting an amended complaint. The amended complaint was filed on March 13, 2017. Am. Compl., ECF 56. Plaintiff's appointed counsel withdrew on April 6, 2017. Order Granting Mot. to Withdraw, ECF 69.

Plaintiff's amended complaint alleges that Plaintiff was subject to discrimination based on her disability under the ADA and retaliation for invoking rights afforded under the FMLA. Am. Compl. 14, 18. The amended complaint also includes a prayer for relief that acknowledges the Arbitration Agreement and asks this Court to stay proceedings pending arbitration if it concludes that the Agreement is enforceable.

**STANDARDS**

The Federal Arbitration Act ("FAA") authorizes a court to stay an action that is subject to a valid agreement to arbitrate when one of the parties requests a stay in the proceedings. 9 U.S.C. § 3. Alternatively, a court may dismiss an action, rather than merely staying it, when all of the issues raised in the action are arbitrable. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("The district court acted within its discretion when it dismissed [the plaintiff's] claims. . . . [T]he arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration.").

**DISCUSSION**

Defendant moves to dismiss Plaintiff's claims. Alternatively, Defendant moves to stay the case and compel arbitration. Plaintiff's response is difficult to understand. Plaintiff appears to concede that her claims are subject to arbitration. However, Plaintiff also states that the Court should deny Defendant's motion to dismiss because the arbitration provision in the Agreement is unenforceable. In order to ensure that all of Plaintiff's arguments are addressed, the Court first explains why it agrees with Defendant that Plaintiff's claims are subject to arbitration. Then, the Court explains why this case should be dismissed, as opposed to stayed.

**I.   Arbitration Provision**

This Court has already ruled on the validity of the arbitration clause in the Agreement. *See Olson* 2016 WL 6138249, at *3–5 (dismissing Plaintiff's claims because they are subject to arbitration, but granting leave to amend). Plaintiff's amended complaint and response to Defendant's second motion to dismiss do not allege additional facts or change her arguments concerning this issue.

Plaintiff continues to assert that the Agreement is the product of formative defects. Plaintiff contends that the arbitration provision is unenforceable because (1) it violates Oregon law, (2) the Agreement is unconscionable, (3) Plaintiff was forced to sign the Agreement under duress, and (4) the Agreement was the result of misrepresentation or fraudulent inducement. Each of Plaintiff's arguments fails.

   a.   The Agreement and Oregon Law

Plaintiff contends that that the arbitration language in the Agreement is not compliant with Oregon Revised Statute § (O.R.S.) 36.620(5) and, thus, is not enforceable. This Court has already held that O.R.S. 36.620(5) is preempted by the Federal Arbitration Act, 9 U.S.C. § 2.

*Olson*, 2016 WL 6138249, at *3–4. Therefore, Defendant is correct in asserting that any failure of the Agreement to comply with O.R.S. 36.620(5) does not render the Agreement unenforceable.

  b. Unconscionability

Plaintiff contends that the Agreement is unconscionable because Defendant had all of the bargaining power and Plaintiff had to sign the Agreement on a "take it-or-leave it" basis after she was already employed. This Court has already found that Plaintiff was not employed by Defendant until she signed the Agreement. *Olson*, 2016 WL 6138249, at *4; Am. Compl. ¶¶ 13–14. Furthermore, the "take it-or-leave it" nature of the Agreement "alone is insufficient to render an agreement procedurally unconscionable." *Chalk v. T-Mobil USA, Inc.*, 560 F.3d 1087, 1094 (9th Cir. 2009). Plaintiff does not allege any additional facts that would support a finding of unconscionability.

  c. Duress

Plaintiff claims she was forced to sign the Agreement under duress because she would have lost her job at BPA if she refused to sign the Agreement. However, as explained in the previous opinion for this case, Plaintiff fails to allege the "wrongful act or threat" that is required for duress. *Olson*, 2016 WL 6138249, at *5. Signing a contract to work for Defendant is not enough to constitute duress. *See Oregon Bank v. Nautilus Crane & Equip. Corp.*, 68 Or. App. 131, 142–43, 683 P.2d 95, 103 (1984).

  d. Misrepresentation or Fraudulent Inducement

Plaintiff alleges that she "was led to believe that she was signing off permission for [Defendant] to payroll [Plaintiff's] BPA contract payments . . . ." Plaintiff implies that she did not know that the Agreement contained an arbitration provision, but fails to allege that

Defendant made any false representation of material fact. As discussed in this Court's previous opinion on this issue, Plaintiff is presumed to have read the Agreement. *Olson*, 2016 WL 6138249, at *5 (citing *First Interstate Bank of Oregon, N.A. v. Wilkerson*, 128 Or. App. 328, 337 n. 11, 876 P.2d 326, 331 (1994)). Thus, the arbitration provision is not the product of formative defects and Plaintiff's allegations fail.

## II. Dismiss Proceedings

Plaintiff's amended complaint requests that the Court stay the case, "[i]n the event the Court enforces the arbitration clause in the Agreement against Plaintiff."[2] Am. Compl. 24. Defendant moves to dismiss the case because all of Plaintiff's claims are subject to mandatory arbitration. The Court dismisses the case against Defendant.

Whether to dismiss or stay proceedings pending arbitration is left to the discretion of the court. *Sparling*, 864 F.2d at 638. Courts in this jurisdiction typically dismiss the case when all disputes are subject to arbitration. *See Sparling*, 864 F.2d at 638; *see also Willamette Crest Gaming, LLC v. Play N Trade Franchise, Inc.*, No. CIV. 09-461-ST, 2009 WL 2243811, at *9 (D. Or. July 27, 2009) (dismissing the case because nothing would be left for the court to resolve after arbitration); *PNI, Inc. v. Leyton*, No. CIV. 03-1344-MO, 2004 WL 555249, at *5 (D. Or. Mar. 1, 2004) ("Because the court holds that all pending claims are arbitrable, it grants defendants' motion to dismiss . . . ."). This Court has found that all of Plaintiff's claims against Defendant are subject to arbitration and Plaintiff provides no reason to stay the case rather than dismiss it. Therefore, the Court grants Defendant's motion to dismiss.

---

[2] Portions of Plaintiff's response also seem to indicate that she may want to stay proceedings against BPA, pending the outcome of the arbitration with Defendant. Plaintiff may submit such a motion if this is her intention, but a stay of proceedings against BPA is not at issue before this Court today. Resp. Mot. Dismiss 7–9, ECF 79.

**CONCLUSION**

The Court grants Defendant's motion to dismiss [59] with respect to all claims against Defendant MBO Partners, Inc. because all of Plaintiff's claims against Defendant MBO Partners, Inc. are subject to arbitration.

IT IS SO ORDERED.

Dated this \_\_\_15\_\_\_ day of \_\_\_June\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge