**Dallas S. DeLuca, OSB #072992**
DallasDeLuca@MarkowitzHerbold.com
**Kristin M. Malone, OSB #151254**
KristinMalone@MarkowitzHerbold.com
**Katherine M. Acosta, OSB #165223**
KatherineAcosta@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105

    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ANDREA OLSON**,<br><br>                    Plaintiff,<br><br>      v.<br><br>**UNITED STATES OF AMERICA,** by and through the Department of Energy and Bonneville Power Administration; and **JAMES RICHARD PERRY,** Secretary of the Department of Energy,<br><br>                    Defendants. | Case No. 3:15-cv-02216-HZ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE** |

      For her response to Defendants' Motions *in Limine*, plaintiff Andrea Olson states as follows:

**I.    Introduction.**

      Plaintiff does not oppose Defendants' first and second motions *in limine*. Plaintiff also does not object to Defendants' sixth motion to exclude witnesses and evidence not disclosed prior to trial, although there appears to be significant disagreement regarding the extent and

**Page 1 -   PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

sufficiency of the existing disclosures. Plaintiff opposes Defendants' third, fourth, and fifth motions *in limine* for the reasons stated herein.

**II.    Motions 1-2.**

Plaintiff has no objection to Defendants' first and second motions *in limine*.

**III.   Motion 3: Evidence of damages for lost wages between March 17, 2014 and January 31, 2015.**

Plaintiff opposes Defendants' third motion *in limine*. Underlying defendants' motion is the unproven assertion that Ms. Olson could not work, or would not have worked, during the damages period, including after the conclusion of the FMLA's twelve-week leave period.

Ms. Olson is entitled to present evidence regarding the damages she suffered as a result of BPA's violations of the FMLA, which began as early as March 24, 2017, when it failed to provide appropriate notice of her FMLA rights. By June 11, despite the near-finality of arrangements for Ms. Olson to return to work, the evidence will show that it was clear that BPA would not reinstate Ms. Olson as required by the FMLA. At no point after the time Ms. Olson invoked her rights under the FMLA did BPA ever issue additional work orders for Ms. Olson's services pursuant to her contract, and BPA immediately began to plan to replace her and to give Ms. Olson a temporary position that was not the equivalent of her prior position, as described in the last two paragraphs of Plaintiff's Lay Witness Statement. (ECF No. 125 at 2-3.)

Ms. Olson is entitled to present evidence that she lost wages as a result of BPA's actions.

**IV.   Motions 4-5: Evidence of damages for interference with FMLA rights after 12-week FMLA period and to the extent Ms. Olson required intermittent or reduced schedule leave.**

Plaintiff opposes Defendants' fourth and fifth motions *in limine*, which attempt to exclude evidence relating to BPA's failure to reinstate Ms. Olson upon her return from leave. "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." 29 C.F.R. § 825.214. "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits, and working conditions, including privileges, prerequisites, and status" and "involve[s]

the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." *Id.* at § 825.215(a).  An employer's obligation to provide the same or equivalent position to an employee returning from FMLA leave is not excused by the employee's need for reasonable accommodation or intermittent leave.  *See* United States Equal Employment Opportunity Commission, *Employer-Provided Leave and the Americans with Disabilities Act*, https://www.eeoc.gov/eeoc/publications/ada-leave.cfm#_edn5 (discussing concurrent obligations under the FMLA and the Americans with Disabilities Act).

BPA foreclosed the possibility of reinstatement prior to the conclusion of the twelve-week leave period by replacing Ms. Olson with a federal employee and limiting Ms. Olson's proposed responsibilities to the training of her replacement as described in the last two paragraphs of Plaintiff's Lay Witness Statement.  (ECF No. 125 at 2-3.)  Those responsibilities would not have been equivalent—much less "virtually identical"—to her pre-leave responsibilities as a Reasonable Accommodation Coordinator.  BPA did not take any steps to comply with the FMLA's reinstatement requirement, and its decisions not to reinstate Ms. Olson were not based on her ability to perform job functions that had been immediately and permanently reassigned to another employee.

Where BPA's refusal to reinstate preceded the end of Ms. Olson's FMLA leave, and where Ms. Olson was not offered the chance to resume the essential functions of her job or its equivalent, Ms. Olson is entitled to offer evidence of the resulting damages.

## V.  Motion 6: Exhibits and testimony not presented in accordance with the Court's Trial Management Order.

Plaintiff does not oppose Defendants' motion that the parties present exhibits and testimony in accordance with the Court's Trial Management Order.  However, Plaintiff objects to Defendants' assertion that her disclosures fail to address essential elements of her FMLA claims.  For example, Defendants claim that Ms. Olson has not disclosed "any FMLA proceeding in which she participated" pursuant to 29 U.S.C. § 2615(b).  To the contrary, Ms. Olson's witness statement discloses that she notified BPA of her medical condition in February 2014 and that she submitted paperwork requesting FMLA leave on March 25, 2014.  (ECF No.

125 at 2.)  These processes instituted and comprised FMLA proceedings.  In addition, Ms. Olson's trial memorandum discloses various communications with BPA employees regarding the terms and conditions of Ms. Olson's leave and return to work.  (ECF No. 122 at 5-6.)

Regardless of the supposed shortcomings in Ms. Olson's witness statement, the substance of her case is clear and uncomplicated, as more fully detailed in Plaintiff's Trial Memorandum.  (ECF No. 122.)  BPA's contention that it would suffer prejudice as a result of the more cursory overview in Ms. Olson's witness statement are not credible given that the entire substance of Ms. Olson's case will be presented by Ms. Olson and have been described in detail in her Trial Memorandum.

DATED this 29th day of August, 2018.

                        MARKOWITZ HERBOLD PC

By:  */s/ Dallas DeLuca*
     Dallas S. DeLuca, OSB #072002
     DallasDeLuca@MarkowitzHerbold.com
     Kristin M. Malone, OSB #151254
     KristinMalone@MarkowitzHerbold.com
     Katherine M. Acosta, OSB #165223
     KatherineAcosta@MarkowitzHerbold.com

     Of Attorneys for Plaintiff

778152